FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

UNITIED STATES DISTRICT COURT
DISTRICT OF KANSAS
WICHITA COURTHOUSE

JAN 11 P2:23

CLERK U.S. DISTRICT COURT
BY: _____ DEPUTY CLERK
AT WICHITA, KS

BRADY WALSTAD

Plaintiff

CASE NO. 10-1013-JAR-KMH
11

Vs

Berman & Rabin, P. A.

Defendant

## COMPLAINT AND JURY DEMAND

### JURISDICTAION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. §1692k(d), and K.S.A. 50-623.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.(FDCPA), and Kansas Statute Annotated 50-623 "Hereafter K.S.A".

### VENUE

3. Venue is proper in the District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in the Judicial District.

6. Defendant transacts business in this Judicial District.

## PARTIES

7. Plaintiff, Brady Walstad, is a natural Person.

8. Plaintiff resides in the City of Colwich, County of Sedgwick, State of Kansas.

9. The Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and K.S.A 50-624(b).

10. Defendant Berman & Rabin P. A., is a Kansas company with a resident agent listed as Michael H. Berman.

11. Defendant operates from an address of 15280 Metcalf, Overland Park, Kansas 66223.

12. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Defendant is a "person" as a term defined in K.S.A 50-624(i).

14. Defendant is a "supplier" as a term defined in K.S.A 50-624(l).

15. Defendant regular attempts to collect alleged debts owed to others.

## FACTS

16. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was for personal, family, or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account"), namely a debt allegedly owed to Citibank.

17. The Account was allegedly not paid and it went into default with the creditor.

18. Sometime thereafter, the alleged Account was assigned, placed, sold or otherwise transferred to the Defendant for collection from the Plaintiff.

19. The Plaintiff disputes the Account.

20. In 2008, Defendant sent Plaintiff a Dunning letter trying to collect the Account.

21. In 2008, after Plaintiff received the Dunning letter from Defendant, Plaintiff sent a Cease & Desist letter to Defendant.

22. On 11/08/2010, Plaintiff received a phone call from Defendant's phone number of 913-649-1555 and Plaintiff's caller ID showed up Berman & Rabin. Defendant called Plaintiff after receiving a Cease & Desist order which is a violation of 15 U.S. C. § 1692c(c), 15 U.S. C. § 1692e(10), K.S.A 50-626 and/or K.S.A 50-627.

23. During the 11/08/2010 phone call, the representative for Defendant failed to disclose in the subsequent communication, that the communication was from a debt collector, which is a violation of 15 U.S. C. § 1692e(11), 15, U.S. C. § 1692e(10), K.S.A 50-626 and/or K.S.A 50-627.

24. Defendant's 11/08/2010 phone call harassed Plaintiff which is a violation of 15 U.S.C. 1692d preface, K.S.A 50-626 and/or K.S.A 50-627, by calling after a Cease & Desist order.

25. Defendant mailed several collection letters to Plaintiff after a Cease & Desist order was in place, which is a violation of 15 U.S. C. § 1692c(c), 15 U.S. C. § 1692e(10), K.S.A 50-626 and/or K.S.A 50-627.

26. Defendant's letters contained a threat and falsely represented legal papers which is a violation of 15 U.S. C. § 1692e(5), 15 U.S. C. § 1692e(10) and 15 U.S. C. § 1692e(13), K.S.A 50-626 and/or K.S.A 50-627.

27. Defendant's 11/08/2010 letter that was sent to Plaintiff, violates 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e (10), K.S.A 50-626 and or K.S.A 50-627, by false misrepresentation of the amount of the debt.

28. The 11/08/2010 phone call and all letters constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

29. Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate 15 U.S.C. § 1692f.

30. Upon information and belief, Defendant posses recordings of its communication with Plaintiff.

31. Upon information and belief, Defendant possesses letters, telephone logs and/or electronic records of its communications with Plaintiff.
32. Plaintiff tried to settle this matter out of court by faxing a letter on 11/13/2010, mailing a letter 12/17/2010, and faxing and mailing a letter on 12/26/10, but Defendant hasn't replied to any of Plaintiff's communications.
33. As a consequence of the Defendant's collection activities, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

34. The representatives and/or collectors at the Defendant were employees of and agents of the Defendant, were acting within course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.
35. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.
36. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered damages.

## JURY TRIAL DEMANDED

The Plaintiff is entitled to and hereby demands a trial by Jury. US Const. amend. 7., Fed.R.Civ.Pro.38

## DESIGNATION OF THE PLACE OF TRIAL

Plaintiff requests Wichita, Kansas as the place of trial.

### PRAYER

WHEREFORE, the Plaintiff prays that the Court grants the following:

1. Actual Damages under 15 U.S.C. § 1692k(a)(1)

2. Statutory Damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A)

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)

4. Statutory Damages of $10,000 under K.S.A 50-636.

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Brady Walstad*

Brady Walstad
PO Box 201
428 Kansas
Colwich, KS 67030
316-796-1283
b.walstad@hotmail.com